IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AARON L. HENRY, | § | |
| | § | |
| Defendant Below, | § | No. 471, 2016 |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. Nos. 1304002901, |
| | § | 1406003139 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 27, 2016
Decided:    December 20, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 20th day of December 2016, after careful consideration of the opening brief, motion to affirm, and the record on appeal, we find it evident that the judgment below should be affirmed on the basis of the Superior Court's order, dated August 25, 2016, adopting the report and recommendations of the Commissioner.[1]  We will not consider arguments the appellant raises for the first time in his opening brief.[2]  The Superior Court did not err in denying the appellant's first motion for postconviction relief.

---

[1] *State v. Henry*, 2016 WL 792496 (Del. Feb. 29, 2016).

[2] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review"). The appellant argues for the first time on appeal that his counsel told him he would receive a sentence of two years, which is contrary to the terms of the plea agreement, Truth-in-Sentencing Guilty Plea Form, and transcript of the sentencing colloquy.  The appellant also notes that his

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is

GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice

---

counsel incorrectly listed a two-year minimum sentence for Drug Dealing in the Truth-in-Sentencing Guilty Plea Form, but does not contend, and the record does not reflect, that he would have insisted on going to trial if he had known there was not a two-year minimum sentence for Drug Dealing.